UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| MICHAEL A. LOVE, JR., | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | CAUSE NO.: 3:16-CV-223-TLS |
| SUPERINTENDENT, | ) ) ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

Michael A. Love, Jr., a pro se prisoner, filed a Habeas Corpus Petition [ECF No. 1] challenging the prison disciplinary hearing (ISP 15-06-12), in which a Disciplinary Hearing Officer (DHO) found him guilty of Possession of Dangerous/Deadly Contraband/Property, in violation of Indiana Department of Correction (IDOC) policy A-106. As a result, Love was sanctioned with the loss of 90 days earned credit time. Love identifies three grounds for relief in his Petition. Love has also filed three Motions regarding the evidence before the Court. The Court has examined each of these Motions, as well as the Petition.

**ANALYSIS**

**A.     Love's Motions**

First, Love filed a Motion [ECF No. 13] to "Unseal Security Video for Record." Love's Motion is based on the premise that the Court cannot view the video exhibit because it has been filed under seal. *Id.* However, the Court is able to review any document that is sealed, as sealing documents only protects the document from public disclosure. Because the Court can review documents filed under seal and has in fact reviewed the video at issue, the Court denies Love's first Motion as moot.

Love's second Motion [ECF No. 14] seeks to suppress the witness statement of Lieutenant Dykstra on the basis that it was an "involuntary confession." By this, Love asserts that Lt. Dykstra should not have been interviewed as a witness because Love did not request Lt. Dykstra as a witness. *Id*. However, a DHO is free to review any potentially relevant or exculpatory evidence, regardless of whether the offender has requested the evidence. The role of the Court is to review the sufficiency of the evidence the DHO reviewed, not to re-weigh the evidence or make initial findings of fact. *See McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). Therefore, Love's second Motion is denied.

Love's third Motion [ECF No. 15] argues the merits of his Petition for Habeas Corpus and seeks to suppress Respondent's Exhibit A-1, the Conduct Report. The Court addresses the merits of Love's Petition below, and there is no need to reiterate those holdings here. Furthermore, the Court must review the evidence considered by the DHO to determine whether the DHO had sufficient evidence on which to find Love guilty. The DHO reviewed the Conduct Report, and thus, the Court must do so as well. Therefore, this Motion is denied.

**B.     Love's Habeas Corpus Petition**

*1.     Grounds One and Two*

In grounds one and two of his Petition, Love identifies what he classifies as "procedural errors." (Pet. 2, ECF No. 1.) Love asserts that his rights were violated because: (a) he was not taken "straight to lock-up;" (b) he did not receive a confiscation slip; (c) he was not provided with an evidence card; (d) he did not receive a picture of the place where the evidence was discovered; and (e) he did not receive a hearing before an impartial fact-finder. (*Id*. at 2–3.) The

Court finds that in essence, grounds one and two largely consist of Love's allegations that the IDOC failed to follow internal policies in conducting his disciplinary hearing.

However, the IDOC's failure to follow its own policy does not rise to the level of a constitutional violation. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("state-law violations provide no basis for federal habeas relief"); *Keller v. Donahue*, 271 F. App'x. 531, 532 (7th Cir. 2008) (finding that inmate's claim that prison failed to follow internal policies had "no bearing on his right to due process"). Accordingly, the violations of IDOC policy identified by Love do not amount to a due process violation. "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).

Moreover, in prison disciplinary cases, due process does not require a complete chain of custody. Rather, "[a]bsent some affirmative indication that a mistake may have been made, [the] hypothetical possibility of tampering does not render evidence inadmissible, but goes instead to the weight of the evidence." *Webb v. Anderson*, 224 F.3d 649, 653 (7th Cir. 2000). Here, there is no affirmative indication, or even an allegation, that a mistake was made with respect to the evidence. Therefore, the lack of a chain of custody report, confiscation slip, evidence card, and the fact that Love was not immediately taken to segregation, does not serve as a basis for habeas corpus relief.[1]

Love also argues that he was not afforded an impartial fact-finder because the DHO falsely claimed to have reviewed evidence that did not exist. According to Love, the DHO lied in reporting that she relied on a statement from Love because he made a "comment" during his

---

[1] In fact, the Court notes that there does appear to be a completed evidence card in Respondent's Exhibit A-2. (*See* Conduct Rep., ECF No. 4-1.)

hearing, not a "statement." (Pet. 3.) Love also contends that the DHO falsely claimed to have reviewed an evidence card that did not actually exist. Finally, Love argues that the DHO lied when she reported that she reviewed video footage, because the video footage does not reveal any incriminating conduct. Respondent contends that Love's arguments are "based solely on semantics" and are without merit. (Def.'s Resp. to Order to Show Cause 6, ECF No. 4.)

In the prison disciplinary context, adjudicators are "entitled to a presumption of honesty and integrity," and "the constitutional standard for improper bias is high." *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). While prisoners have a right to be free from arbitrary punishment, they are sufficiently protected from such action where the procedural safeguards in *Wolff* have been satisfied. *McPherson*, 188 F.3d at 787; *Guillen v. Finnan*, 219 F. App'x. 579, 582 (7th Cir. 2007). Thus, the Court agrees with the Respondent. Contrary to Love's assertions, there is no evidence that the DHO was dishonest or partial. Love's first assertion, that the DHO dishonestly represented his comment at the hearing as a "statement," has no merit. Love was present during his hearing and had an opportunity to verbally present his point of view. The DHO subsequently check-marked a box that indicated that she reviewed the "Statement of Offender." This was not a misrepresentation.

Second, contrary to Love's assertions, an evidence card did exist. The DHO's reference to the evidence card was a reference to the document titled Evidence Record in Respondent's Exhibit A. (*See* Conduct Rep 2.) Love had a right to request certain evidence. He asserted this right when he requested a review of the video footage from his cell house. (*See* ECF No. 4–2.) He did not request any other evidence and therefore, he did not have a right to review evidence he did not request. Additionally, Love suffered no harm or prejudice, and thus has stated no due process claim, regarding his access to the Evidence Record. *See White v. Ind. Parole Bd.*, 266

F.3d 759, 767 (7th Cir. 2001) ("Prison disciplinary boards are entitled to receive, and act on, information that is withheld from the prisoner and the public . . . .").

Finally, Love makes an argument that the DHO lied when she reported that she reviewed video evidence. Love appears to argue that because the video does not show the offense taking place, the DHO must have been dishonest in claiming to have viewed and relied on it in finding him guilty. Love is mistaken. The video evidence was a part of the Record, along with the Conduct Report, Love's statement, photographic evidence and an evidence card. The DHO reported that she reviewed and relied on all the evidence—including the video—in reaching her conclusion. The fact that the video does not show the offense take place does nothing to call the DHO's partiality into question. To the contrary, the DHO relying on all the evidence in the record illustrates the DHO's impartiality. Therefore, Grounds One and Two are denied.

2. *Ground Three*

In Ground Three, Love challenges the sufficiency of the evidence on which he was found guilty. (*See* Pet. 4.) Love argues that there was a nine-minute inconsistency between the time noted on the Conduct Report and the time-stamp on the video. (*Id.*) The Respondent does not address the sufficiency of the evidence. However, any inconsistency regarding the timing of the events does not implicate a constitutional right so long as Love had notice of the underlying factual allegations. *See Piggie*, 342 F.3d at 666. Here, the nine-minute discrepancy does not impact the underlying factual allegations. Love had notice that he was charged with possession of a contraband metal rod and it is immaterial whether the rod was confiscated at 10:36 am or 10:45 am.

Moreover, the Court has reviewed the sufficiency of the evidence and holds that the DHO's finding is supported by adequate evidence. The imposition of prison discipline will be upheld so long as there is some evidence to support the finding. *See Superintendent v. Hill*, 472 U.S. 445, 455–56 (1985). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson*, 188 F.3d at 786 (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted). The Court will overturn the hearing officer's decision only if "no reasonable adjudicator could have found [the prisoner] guilty of the offense on the basis of the evidence presented." *Henderson v. U.S. Parole Comm'n,* 13 F.3d 1073, 1077 (7th Cir. 1994).

The DHO had sufficient evidence to find Love guilty of violating IDOC A-106. The IDOC defines this offense as "[p]ossession or use of any explosive, ammunition, hazardous chemical (e.g., acids or corrosive agents) or dangerous or deadly weapon." Adult Disciplinary Process, Appendix I. http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf (last visited April 24, 2017). The Conduct Report, issued by Sgt. Lasco, states,

> On 5-29-15, while shaking down the midway of 300 CCH, I Sgt. E. Lasco found a metal rod coming from cell 335 W. I went into the cell to find the object sticking

> through the vent into the midway. Offender Love, # 158219, stays in this cell.
> Evidence turn (sic) into IA. Time of find, approximately 10:45 a.m.

(Conduct Rep. 1.) Additionally, Lt. Dykstra submitted a witness statement reporting that Sergeant Lasco told him that Lasco had "seen something like a shank in the midway but could not get to it." (ECF 4-5 at 1.) Sgt. Lasco then searched Love's cell and found an 8 ½ inch shank in the cell. During the hearing, the DHO reviewed the Conduct Report, Lt. Dykstra's statement, the photograph of the confiscated item, video recording from the cell house, and the evidence card. Based on this evidence, the DHO determined that Love was guilty of violating A-106. In light of the evidence, the DHO's determination was not unreasonable or arbitrary. The DHO had "some evidence" that the concealed 8 ½ inch metal rod in Love's vent constituted "possession or use of any . . . dangerous or deadly weapon" in violation of IDOC policy. *See Webb*, 224 F.3d at 652. Love's Petition suggests that Sgt. Lasco or Lt. Dykstra planted the metal rod in his cell. With this claim, Love asks this Court to make an independent credibility determination between the veracity of his version of events and those of Lt. Dykstra and Sgt. Lasco. However, it was for the DHO, not this Court, to make that credibility determination. *See McPherson*, 188 F.3d at 786. Therefore, Ground Three of Love's Petition is denied.

## CONCLUSION

For these reasons, the Court:

(1) **DENIES AS MOOT** the Motion to Admit Evidence to Unseal Security Video for Review [ECF No. 13];

(2) **DENIES** the Motion to Suppress Evidence Submitted Witness Statement [ECF No. 14];

(3) **DENIES** the Motion to Suppress Incident Report Exhibit A-1 [ECF No. 15];

(4) **DENIES** the Habeas Corpus Petition [ECF No. 1]; and

(5) **DIRECTS** the Clerk of Court to close this case.

SO ORDERED on April 28, 2017.

s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
